Carter *v.* McDowell.

Thomas Butler was called as a witness by the defendant. He stated that he held a mortgage on the land in dispute.

It was then objected that he was interested and incompetent.

*J. Harris* and *W. Silliman* for the plaintiff.

*Glasgow* and *Avery* for the defendant.

---

CARTER *v.* McDOWELL.

Slander—words since suit—loss of marriage.

Slanderous words spoken since the commencement of the suit, may be given in evidence, for the sole purpose of showing the sense in which the slanderous words relied upon were uttered.

*Quere*—When a loss of marriage is relied upon in aggravation of the damages in slander, should not the declaration set out the contract, and show it subsisting when the words were spoken?

SLANDER. The declaration charged the speaking of these words,

Seaton *v.* Cordray.

"She had sexual intercourse with a married man, by means," &c., and on no other account, one C. Dorlan, who was about to marry her, has since declined, and neglected so to do; and plaintiff hath been deprived of the gains, profits and comforts, which would have arisen from her marriage with him.

A witness was called, and asked to state slanderous words spoken by the defendant since the suit was brought.

*Rice* and *W. Silliman,* for the defendant, objected to the testimony, as irrelevant.

*Avery* and *Glasgow,* for the plaintiff.

BY THE COURT. You may prove such words for the sole purpose of showing the *sense* in which words, not otherwise actionable, were spoken.

LANE, J. charged the jury; but, they being unable to agree, were discharged.

*Quere ?*—Should not the declaration in that case have set out the fact of a contract of *marriage,* existing between the plaintiff and Dorlan? In 2d *East.* 426, the libel was the repeating what one Guy had before said of the plaintiff. The declaration there sets forth that Guy and the plaintiff had dealing. and the plaintiff had sent him an account, on which he rashly accused the plaintiff of swindling. Of the error of which charge of swindling he became satisfied; yet, the defendant, knowing that fact, maliciously spoke and repeated the words. It was held that the repetition was no justification under such circumstances. When special damage is claimed, I incline to think the contract claimed to have been broken up by the slander should be set out.—*Reporter.*